# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JUSTIN M. EVANS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:20-cv-00434 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ALLY LOVELL, *et al.*, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendants. ) | |

Plaintiff Justin M. Evans ("Plaintiff"), a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against a number of defendants; the operative complaint is the amended complaint (ECF No. 39). This matter is before the court are two motions: (1) a motion to dismiss, filed by four of the defendants—Ally Lovell, Martin, K. Paderick, and Strange ("the Moving Defendants") (ECF No. 51); and Plaintiff's motion to amend his amended complaint (ECF No. 67).[1] For the reasons set forth below, the court will deny without prejudice Plaintiff's motion to amend and will grant the Moving Defendants' motion to dismiss and terminate them from this case. The court also concludes that, because Evans has misjoined defendants in this case, it is appropriate to sever Evans's claims into three separate lawsuits.

## I. BACKGROUND

### A. Procedural Background

Evans's original complaint named nine defendants and, after the court ordered that the

---

[1] Evans also has filed an unauthorized "response" (ECF No. 63) to Defendants' answer (ECF No. 63), which is not a permitted pleading unless the court has ordered it. *See* Fed. R. Civ. P. 7(a)(7). That document will not be considered by the court.

complaint be served but before any defendant had filed a response, Evans filed a motion to supplement his complaint. (ECF No. 29.) The court denied that motion. In so doing, the court noted that his motion to supplement was 81 pages long and that it reflected an attempt "to construct his complaint piecemeal in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure." (*Id.* at 1.) The court gave Evans the opportunity to file an amended complaint within 14 days and directed that any amended complaint comply with Rules 8 and 10 (the relevant portions of which were quoted in the order), as well as the rules regarding joinder. The court advised him that, if he failed to file an amended complaint in the time allotted, his original complaint would constitute his sole complaint. The court also warned him that it would "not accept a proposed amended complaint that does not comply with this order and the Federal Rules of Civil Procedure." (*Id.* at 2.)

Thereafter, on March 22, 2021, the clerk received from Evans an amended complaint naming 18 defendants (ECF No. 39).[2] The court directed the clerk to notify the new defendants named in the amended complaint. All defendants have now responded. The Moving Defendants filed their motion to dismiss, two defendants waived the filing of an answer under 42 U.S.C. § 1997e(g)(1) (ECF No. 50), and the remaining 12 defendants answered the amended complaint (ECF No. 53).

### B. Factual Background

For purposes of resolving the pending motions, it is not necessary to discuss the allegations in Evans's amended complaint in detail. His amended complaint fails to identify specific claims against specific defendants, or to list his allegations or claims in numbered

---

[2] One of the defendants, "Regional Ombudsman," was later identified as Robert Bivens, and Bivens was substituted for that unnamed defendant. (ECF No. 60.)

paragraphs.[3] Nonetheless, because the court is going to sever his claims into three separate cases, the court lists below a summary of his factual allegations, which are numbered for ease of reference. All of the alleged events occurred at River North Correctional Center ("River North").

1. In September 2020, defendants Adams, Higgins, and Haga brutally assaulted Evans in an unprovoked attack, which he says was in retaliation for his filing a legal action and "pushing paper."

2. Defendant Kanode, River North's Warden, would not allow Evans to file charges arising from the incident, failed to discipline the three officers, and failed to protect Evans by allowing those employees to have continued access to Evans.

3. Defendant White failed to protect Evans or "condoned and sanctioned" the assault through his response to Evans's grievance.

4. Defendant Sowers, as a disciplinary hearing officer, improperly found Evans guilty of the false accusations made by defendant Adams (which presumably relate to the September 2020 assault); she also violated his due process rights in the course of the disciplinary hearing by denying him video evidence and witnesses.

5. Defendants Parks and Mathena (both medical personnel) violated Evans's Eighth Amendment rights by failing to provide him needed Hepatitis C treatment at River North.

6. In February 2020, Evans was transferred from State Farm Enterprise Unit, where he was receiving mental-health treatment, to River North's "Secure Diversionary Treatment Program" ("SDTP"). His transfer violated his due process rights because he was not taken to an Institutional Classification Authority ("ICA") board before or upon transfer.

7. Persons involved in the transfer decision or his treatment once at River North

---

[3] Despite instructions to Evans that any complaint was required to be a document that stood "by itself without reference to a complaint, attachments, documents, or amendments already filed," (ECF No. 33 at 1), his amended complaint references and purports to include a number of exhibits. Some of these are, in fact, attached to other documents in the case. For example, Exhibits 1 through 34 are docketed at ECF No. 29-2, and Exhibits A through LL are docketed at ECF No. 1-3, at pp. 1–62. Because Evans did not follow the court's instructions with regard to his amended complaint, however, those exhibits are not considered part of his amended complaint.

        violated his constitutional rights when they failed to provide appropriate mental-health treatment and when they punished him for not participating in treatment by placing him in isolation. He has told numerous defendants that he does not wish to participate in treatment, and he has asked what his mental diagnosis is that justifies his placement in SDTP, but he has not been given satisfactory answers.

8. He has been kept in isolation under cruel and inhumane conditions, which has adversely impacted his mental health.

9. His First Amendment right to practice his religion has been violated by his placement in the SDTP, which does not allow him to attend religious services.

10. Despite repeated requests, unspecified defendants have refused to place him on an Orthodox Jewish diet.

11. In general terms, he does not believe he should be housed at River North, which is a security level 4 facility, when he is in prison for a non-violent check fraud, has approximately 18 months left to serve, and has had no institutional infractions during his time in VDOC.

12. Defendants Walls and Bivens have ruled against him in the grievance process, and Walls has threatened to "limit" his grievances and has repeatedly found his grievances "unfounded."

## II. MOTION TO AMEND

Evans's latest motion to amend his complaint is a "supplement" in which he asks to add claims based on his transfer to the restrictive SCORE[4] unit at River North on July 13, 2021. His claims are against three new defendants, all of whom work at River North.

First, he seeks to add "Unit Manager" McBride, who he claims "order[ed] undue, unjustifiable and unwarranted restrictions on [plaintiff's] liberty," which amount to cruel and unusual punishment and violated his right to due process. (ECF No. 67 at 1.) He also claims that McBride has retaliated against him for the filing of this action by making threats against him, and that McBride has limited his access to the courts. The limited access is based on an

---

[4] Evans's complaint does not identify what a SCORE unit is, and the court has no independent knowledge of it, either.

allegation that McBride has issued an order that no officer should charge Evans's tablet for him. Without his tablet, he apparently is prevented from sending emails to family and loved ones. (*Id.* at 5.)

The second defendant Evans requests to add is Lieutenant Kelly, for "physically acting out the forcible move" of Evans to the more restricted isolation unit and for violating Evans's due process rights by failing to provide him an ICA hearing before increasing restrictions on his liberty. He also alleges that, two weeks after being moved to the SCORE unit, Kelly and two other officers told him that McBride would order that he be moved to the "blue phase" of the SCORE program if he did not start participating and signing the paperwork. He contends that the blue phase is the "most inhumane" phase and involves punitive measures such as chaining and caging, which he describes as "tactics of oppression and torture." (*Id.* at 6.) As of August 8, 2021, he had not yet been moved to the blue phase, but he anticipates that occurring.

The third defendant he seeks to add is Counselor Hudgins. According to Evans, she denied his due process rights when she brought an ICA referral form to his door after he had already been moved to the SCORE unit. He alleges that she attempted to coerce him into singing the form as it if had been served on him prior to his transfer.

In his motion to supplement, Evans also concedes that he has not yet fully exhausted his administrative remedies regarding these new developments, but states that he is attempting to do so. (*Id.* at 6.) His motion to amend also notes repeatedly that he is asking that the complaint be offered as further support for his motions for preliminary injunctive relief, which the court has since denied.

Evans's motion also states that he asks the court to accept the document as his "whole complaint," (*id.* at 8), but elsewhere states that he is seeking to "add" the defendants and claims (*id.* at 1). He has not indicated an intent to drop or dismiss any defendants or complaints from his current operative complaint, the amended complaint. Moreover, he has resubmitted (with his "supplement") a complete copy of his amended complaint (ECF No. 39), although the pages are disordered. (*See* ECF No. 67-2.) Based on the totality of his filing, it appears to the court that he is attempting to supplement, rather than replace, his amended complaint.

As noted, the court previously warned Evans that he would not be permitted to file a piecemeal complaint consisting of various documents because doing so violates Rules 8 and 10 of the Federal Rules of Civil Procedure. Despite this warning, Evans's latest filing is yet another supplemental complaint that would have to be construed in conjunction with his amended complaint to determine all the claims against all defendants. Thus, it is yet another attempt to file a complaint piecemeal, using various documents. That Evans has attached his prior amended complaint as an exhibit to his filing does not remedy this deficiency. For this reason alone, the motion to amend could be denied.

But the motion to amend also seeks to add claims against new defendants in violation of the rules regarding joinder. For instance, although both his amended complaint and his proposed supplemental complaint allege that he should not be housed at River North at all, his transfer into the more restrictive unit in July 2021 is a distinct claim from his original transfer to River North. The claims are based on events distinct from his claims in the operative amended complaint, and they are brought against three new defendants. The events at issue occurred later in time, and, aside from his claim that some of them are retaliatory

actions taken in response to this lawsuit, they have no connection to the underlying claims in his current complaint. Thus, they are misjoined. *See* Fed. R. Civ. P. 20(a)(2).

Moreover, Evans freely admits that he has not yet exhausted his administrative remedies as to these claims, and thus the claims would be subject to dismissal without prejudice on this ground as well. *See* 42 U.S.C. § 1997e(a); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) (explaining that if the failure to exhaust is apparent on the face of the complaint, a court may dismiss the claims without prejudice); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (noting that the Prison Litigation Reform Act ("PLRA") requires exhaustion prior to filing suit). Thus, granting leave to amend would be futile. For all of these reasons, the court will deny Evans's motion to amend to include his claims arising from the July 2021 transfer and related events against McBride, Kelly, and Hudgins. If Evans chooses, he may file a new lawsuit raising those claims, but they will not be permitted as part of this lawsuit. Evans's motion to amend (ECF No. 67) will be denied without prejudice to his ability to assert those claims in a separate lawsuit.

### III.     SEVERANCE OF CLAIMS

As is evident from Evans's allegations in Section I-B *supra*, he asserts a variety of claims against different defendants. But a plaintiff may only join different defendants in the same suit if the claims against them arise out of the same transaction or occurrence, or series thereof, *and* contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a)(2). Thus, where claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper. *Riddick v. Dep't of Corr.*, No. 7:17CV00268, 2017 WL 6599007, at *1 (W.D. Va. Dec. 26, 2017). Such is the case here. In his

amended complaint, Evans attempts to lump together: (1) claims arising from an alleged assault and related disciplinary hearings, which involved one group of defendants; (2) a claim dealing with medical treatment for his Hepatitis C against another group of defendants; and (3) claims arising from his placement in the SDTP program and his conditions of confinement, including his mental-health treatment, against yet a third group of defendants. This is improper.

Even if the claims were not misjoined, allowing all of these claims to proceed in a single suit would make that lawsuit unwieldy and inefficient. It would also effectively allow Evans to challenge unrelated actions by various defendants in a single omnibus suit, undermining the purposes of the PLRA. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits, not only to 'prevent the sort of morass' produced by multi-claim, multi-defendants suits . . . , but also to ensure that prisoners pay all fees required under the [PLRA], *see* 28 U.S.C. § 1915(b), (g).") (citation omitted). Moreover, Rule 21 of the Federal Rules of Civil Procedure allows a court the discretion to "sever any claim against a party" and proceed with it separately. Fed. R. Civ. P. 21; *Spencer, White & Prentis, Inc. of Conn. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties.").

The court will therefore sever Evans's claims into separate lawsuits, but grouping together like claims. Along with a copy of this Memorandum Opinion and Order, Evans's amended complaint (ECF No. 39) will be filed as the opening document in two new lawsuits. Each of those lawsuits will be conditionally filed, and Evans must prepay the full filing fee or file an application to proceed *in forma pauperis* for each new action. In the alternative, Evans

may elect not to proceed with any individual case and may move to voluntarily dismiss that case.

This case (No. 7:20-cv-00434) will consist of the allegations summarized above in paragraphs 1 through 4 against defendants Adams, Higgins, Haga, Kanode, A. White, and Sowers, which concern the September 2020 assault and the disciplinary proceeding stemming from it. All other defendants will be terminated from this case.

The second case will consist of the allegations summarized above in paragraph 5, which concern the alleged failure to provide treatment for his Hepatitis C. Only defendants Park and Mathena will be defendants in that case.

The third case will consist of the allegations summarized above in paragraphs 6 through 12, related to Evans's continued confinement at River North, the mental-health treatment he has received, and the restrictions on his religious freedom. This third lawsuit will include only defendants Dowell, Kilbourne, Swann, Walls, Bivens, and Dr. Haynes as defendants.

## IV. MOTION TO DISMISS

The court turns next to the Moving Defendants' motion to dismiss. Two of the Moving Defendants, Martin and Paderick, seek dismissal against them on the grounds that the amended complaint fails to mention them or identify any conduct of theirs that allegedly violated Evans's constitutional rights. Instead, they are merely listed as defendants. The other two, Dr. Strange and A. Lovell, argue that the conduct that Evans has attributed to them is insufficient to state a cognizable constitutional claim. They also note that Evans fails to identify what constitutional rights either one of them has allegedly violated.

## A. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In order to allow for the development of a potentially meritorious claim, federal courts

have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

**B.     Analysis**

"Section 1983 authorizes a plaintiff to sue for an alleged deprivation of a federal constitutional right by an official acting under color of state law." *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up). To hold an official liable under § 1983, the plaintiff must affirmatively show that the official "acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (internal quotation marks and citation omitted). "That is, the official's 'own individual actions' must have 'violated the Constitution.'" *Williamson*, 912 F.3d at 171 (quoting *Iqbal*, 556 U.S. at 676). Therefore, a § 1983 claim *must* contain factual detail about *each* defendant's *personal* involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

Martin and K. Paderick are listed as defendants in the amended complaint, but Evans has not stated a claim against either defendant. There are no allegations of any conduct by

Martin, and he is not referenced in the complaint except in the list of defendants. As to Paderick, the only reference in the amended complaint is in Evans's list of "exhibits" (ECF No. 39-1), which refers to one exhibit in which his Level II grievance was illegibly signed by someone, but it states that the report was "generated by K. Paderick." (ECF No. 39-1, at 1 (referencing Exhibit 7).) The mere fact that Paderick may have generated a report related to Evans's grievances is insufficient to state a claim against Paderick. In short, Evans's amended complaint does not identify that Paderick or Martin did anything at all—let alone that either of them took an action or failed to take some action that resulted in a violation of Evans's constitutional rights. All claims against them must be dismissed.

Evans only makes passing reference to Defendant A. Lovell, who is described as the "Supervisor of SDTP,", in that Evans alleges that he informed Lovell (among others) that he did not want to participate in a treatment program. (Am. Compl. 5.) That is insufficient to state a constitutional violation. Similarly, as to Dr. Strange, he is simply alleged to have "lied to Evans by telling him that he would be transferred to a facility close to his family and friends," but Evans was actually transferred to River North, which was six hours away from all of his family. Even accepting that allegation as true, that "lie" does not plausibly violate any constitutional right of Evans's. Dr. Strange, too, must be dismissed.

In his opposition, Evans attempts to add additional facts that are not found within his amended complaint. But a party may not amend his pleadings through briefing. *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013). Accordingly, the court does not treat those allegations as part of the amended complaint. *See id.* Regardless, the additional allegations are very general and, even if considered,

would not remedy the deficiencies in Evans's amended complaint. For example, he alleges that Strange and Lovell colluded and collaborated to send him into the involuntary "treatment program," and that they did so without due process and without giving him a hearing. But Evans does not allege that they personally were involved in the denial of a hearing, nor does he offer any specific facts in support of these assertions. Similarly, he claims that because Paderick is an "ombudsman," he has a responsibility to protect Evans from due process violations. But he does not identify any specific instance or any specific way in which Paderick failed to offer such protection.

For all of these reasons, Evans has failed to state an Eighth Amendment claim against any of the four Moving Defendants, and their motion to dismiss must be granted.

## V. CONCLUSION

For the reasons stated, the court will deny without prejudice the motion to amend, will grant the motion dismiss and will dismiss the Moving Defendants. The court will further sever this case into three cases, as set forth above. Lastly, the remaining parties in this case (who have answered) will be directed to file a motion or motions for summary judgment.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 4th day of January, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE